IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| BRABO INTERNATIONAL GROUP, INC. | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:19-cv-00066 |
| | § | |
| UNITED FIRE & CASUALTY COMPANY | § | |
| *Defendant.* | § | |

**DEFENDANT'S OBJECTIONS TO EXHIBITS ATTACHED TO PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSED MOTION TO EXCLUDE OR LIMIT TESTIMONY OF PLAINTIFF'S EXPERT WITNESSES**

Comes now Defendant, United Fire & Casualty Company ("United Fire"), and files this its Objections to Exhibits Attached to Plaintiff's Response to Defendant's Opposed Motion to Exclude or Limit Testimony of Plaintiff's Expert Witnesses and would respectfully show the Court as follows:

1. In support of its Response to Defendant's Opposed Motion to Exclude or Limit Testimony of Plaintiff's Expert Witnesses (Dkt. #68), Plaintiff attached a Declaration of Blanca Moore (Dkt. #68-1), deposition transcript of Belinda Romo (Dkt. #68-2), a Declaration of Thomas Irmiter (Dkt. #68-3), and a Declaration of Brian Craig Johnson (Dkt. #68-4). United Fire objects to these exhibits as follows:

**Objection to Declaration of Blanca Moore**

2. United Fire objects to the following statements in the Declaration of Blanca Moore in paragraph number 4:

> Before May 21, 2017, both Properties were in good condition. Throughout Brabo's ownership of the Properties before May 21, 2017, neither property had ever experienced major roof damage or any other exterior damage significant enough to cause numerous instances of interior leaking throughout each property.

United Fire objects that these statements are conclusory, lack foundation or personal knowledge, and

are in the nature of expert testimony which Ms. Moore has not been designated nor is qualified to provide.

3. Ms. Moore has never been on the roofs of either property. (Dkt. #65-5 at 20:22-24; 101:8) Further, Ms. Moore testified that she had no personal knowledge concerning how any wind or hail allegedly caused damage to the properties at issue. (*Id*. at 86:9-12).

4. United Fire objects to the following statements in paragraph 5 of Ms. Moore's declaration:

> There were no recurrent or widespread leaks ever reported by any of the tenants prior to the significant wind and hailstorm on May 21, 2017.
> …
> Nor have I personally observed any evidence widespread [sic] leaking at the Properties until after the Storm. Brabo has performed routine maintenance on the roofs of the properties over the years to increase their useful life…

United Fire objects that such are conclusory and require expert opinion.

5. Additionally, in her deposition, she had no recollection of the full repair and leak history of the roofs when asked,

> Q. Do you recall there being leaks in the office area of Auburn prior to January, 2013?
> A. I don't remember.

(*Id*. at 37:9-11).
…
> Q. Okay. And the -- the sealant here, this black line again, we believe is sealant. Who would have put that sealant down over the Auburn building?
> A. I don't know. I don't remember.

(*Id*. at 38:3-6).

> Q. Right. And if that is sealant, who put that sealant down at the front of the Auburn building prior to February, 2015?
> …
> A. I don't remember.

(*Id*. at 38:22-39:3).

> Q. If that is sealant, who applied the sealant to the roof at J E F prior to February 8th, 2015?
> A. I don't remember.

(*Id*. at 41:24-42:1). Ms. Moore's declaration concerning the leak history and history of repairs is contradicted by her deposition testimony and inability to recall leaks and repairs when asked such that it constitutes a sham affidavit or declaration. It is well-established that a party may not "defeat a motion for summary judgment using an affidavit that impeaches without explanation sworn testimony." *S.W.S. Erectors v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996) (citations omitted).

6. Further, Ms. Moore's statement in her declaration about maintenance is in contradiction to her sworn deposition testimony that Plaintiff did not have a maintenance or regular maintenance program on the buildings.

> Q. Does Brabo have a maintenance or regular maintenance program on the buildings?
> A. No.
> Q. So, does Brabo just call repair vendors to come out when there is an issue or something is brought to Brabo's attention that needs repair?
> A. Yes.
> Q. But in terms of regularly scheduled maintenance, say, of the roof, is Brabo doing regular maintenance, preventative maintenance on the roofs of the buildings since they've been built?
> A. No. We don't have anything scheduled or any specific dates. It's just whenever we need to give the maintenance.
> Q. Whenever there's something that's broken that needs repair?
> A. Where?
> Q. At the building. You said no, nothing regular, just maintenance when needed. And I want to be sure that I've distinguished between regular preventative maintenance and repairs.
> A. It's just when -- when a -- when a problem arises.

(*Id*. at 28:14- 29:11).

7. United Fire objects to the following statements in paragraph 6 of Ms. Moore's declaration:

> When the Storm came through Laredo, it caused significant damage and widespread leaking throughout the interiors of both Properties, which came

3

> through the roofs.
>
> …
>
> [I] personally observed that the damage inflicted on the town by the storm was significant. I observed nearby roofs within a mile or two from the Properties to be very obviously damaged, with portions blown off.

United Fire objects that these statements are conclusory, require expert opinion, are ambiguous, and lack adequate foundation. United Fire objects that such is irrelevant and unduly prejudicial and concerns expert testimony for which Ms. Moore is neither qualified nor has she been designated as an expert. The impact of the alleged storm on other property over the Laredo, Texas area as viewed by Ms. Moore is not evidence as to what occurred or did not occur at the properties at issue on May 21, 2017.

8. United Fire objects to the following statements in paragraph 7 of Ms. Moore's declaration:

> … to see the extent of the damages…
>
> … the widespread leaks throughout each building…
>
> In some cases, the leaking was so bad they had left trashcans out in the warehouse as a safety issue. Where the active leaks were not apparent, the tenants at Jef and Auburn showed me a variety of photos and videos they had taken shortly after the Storm.

United Fire objects that these statements are conclusory, require expert opinion, are ambiguous, lack adequate foundation, and are based on inadmissible hearsay.

9. United Fire objects to the following statements in paragraph 8 of Ms. Moore's declaration:

> As also reported and documented by my tenants, I personally observed multiple leaks throughout each building, …
>
> The multiple leaks, pools of water, and streaks down walls, which actually destroyed some of the inventory of Brabo's Auburn tenant, are conditions the properties have never experienced.

United Fire objects that such are hearsay and a lack of foundation and are conclusory and ambiguous.

10. United Fire objects to the following statements in paragraph 9 of Ms. Moore's declaration:

> I observed leaks in multiple places throughout each property in spaces which had never experienced leaking before, as also confirmed by my tenants.
>
> … freshly damaged insulation throughout the interior of Auburn. As with the damage at Auburn, I observed significant damage to the Jef building, shown by leaking throughout the interior and in new damage to the insulation under the roof.

United Fire objects that these statements are conclusory, require expert opinion, are ambiguous, lack adequate foundation, and are based on inadmissible hearsay.

11. United Fire objects to the following statements in paragraph 10 of Ms. Moore's declaration:

> A few months later, I learned from Integrated Roofing, a commercial roofing company that had replaced commercial roofs throughout Texas, that the roofs of the Properties had been significantly damaged by the hail and wind from the Storm, which explained the significant number of new leaks across the Properties. …
> …
> The damage to Brabo's metal roofs was also confirmed through some reports from a company called Stolk Labs…
> …
> Although Integrated Roofing performed some repairs to the roofs of both Properties, a few months after the Storm, they told me those repairs would only be temporary.

12. United Fire objects that these statements are conclusory, require expert opinion, are ambiguous, lack adequate foundation, and are based on inadmissible hearsay.

13. United Fire objects to the following statements in paragraph 11 of Ms. Moore's declaration:

> Along with any onsite representatives that were available from each tenant, Mr. Ontavera established a leak chronology through my personal historical observations and that of my tenants to help him document existing or new

5

> leaks reports. We took every effort to try and only identify newly observed leaks, which were the majority of them, and also any older, smaller leaks that may have been significantly worsened by the Storm.

United Fire objects that these statements are conclusory, require expert opinion, are ambiguous, and are based on inadmissible hearsay. Further, such is an improper attempt to prove up a document, not in evidence, allegedly prepared by a person who has not been designated as an expert or fact witness in this lawsuit. The document itself is hearsay, statements recorded or summarized in the document are hearsay, and statements made by the tenants are hearsay.

14. United Fire objects to the following statements in paragraph 12 of Ms. Moore's declaration:

> Despite Brabo's best efforts to repair the roofs since the Storm using multiple roofing companies, every time there is a heavy rain in Laredo, both of my tenants will usually call me. They report at least one leak, but often multiple leaks in various locations.

United Fire objects that these statements are conclusory, ambiguous, and are based on inadmissible hearsay. Further, these statements are in contradiction to Ms. Moore's sworn deposition testimony where she testified,

> Q. The roof[]s leaking today?
> A. They haven't reported that to me.

(*Id*. at 60:7-8).

15. United Fire objects to the following statements in paragraph 13 of Ms. Moore's declaration:

> None of the water damage I observed throughout the interior of the Properties had ever been present before the Storm. The damages to the Properties were a direct result of the Storm. A direct result of United Fire's continued delays and failure to pay is that Brabo has been financially unable to completely repair the Properties.

As set forth herein, Ms. Moore lacks personal knowledge regarding the complete leak history of the

Properties and the cause of or source of any alleged damage from the May 2017 storm. These statements are in the form of expert opinions and Ms. Moore is not qualified nor has she been designated as an expert on causation. Further, there is a lack of foundation concerning Plaintiff's financial condition and whether or not Plaintiff is or is not able to make repairs and what repairs Ms. Moore is referring to.

**Objection to Deposition Excerpts of Belinda Romo**

16. United Fire objects to the deposition excerpts of Belinda Romo (Dkt. #68-2) cited by Plaintiff as follows:

17. With respect to the objections made by counsel for United Fire during the deposition of Ms. Romo, United Fire hereby re-asserts those objections and seeks a ruling from the Court on its stated deposition objections:

> Q. And it wasn't just one time. I mean, you remember walking around several times trying to help multiple representatives trying to identical recent leaks you'd observed in the building?
>
> MR. ANDIS: Objection, leading.

(Dkt. #68-2 at 87:5-9).

> Q. Okay. Photo Number 2 indicates, "New roof leak area as indicated by damaged insulation." Do you agree with that? Was this a new leak area?
>
> MR. ANDIS: Objection, calls for expert opinion.

(*Id*. at 87:22-88:1).

> Q. All right. Photos 5 and 6, they're represented as new leak areas. Would you agree or disagree with that -- these statements?
>
> MR. ANDIS: Object to the extent it calls for expert opinion.

(*Id*. at 88:14-18).

7

> Q. Okay. And then Photos 7 and 8, UFCC 1083, again, I'll give you a chance to look at them, but they were both represented as new leak areas. Do these appear to be new leak areas or areas that worsened post May 2017 storm?
>
> MR. ANDIS: Objection, leading, calls for expert opinion.

(*Id*. at 89:6-89:12).

> Q. Okay. And, again, those would be new leaks that appeared for the first time post-May 2017?
>
> MR. ANDIS: Objection, leading.

(*Id*. at 94:3 - 94:5).

> Q. And -- and the -- the few interior leaks that -- that you identified that you think may date back to 2013, those have substantially worsened, have they not?
> MR. ANDIS: Objection, leading.

(*Id*. at 94:12-16).

> Q. (By Mr. Lundquist) What -- what is your opinion of the few leaks you reported, you think you reported back in 2013, as -- as to whether they have substantially worsened or stayed the same?
>
> MR. ANDIS: [same] Objection.

(*Id*. at 94:18-22).

**Objection to Declarations of Thomas J. Irmiter and Brian Craig Johnson**

18. United Fire objects to the declarations of Thomas J. Irmiter (Dkt. #68-3) and Brian Craig Johnson (Dkt. #68-4) as follows:

- The excerpted language from their reports (Dkt. #68-3 at par. 13 and Dkt. #68-4 at par. 8) is inadmissible hearsay and is not sworn or attested to in their declaration;

- The photographs in the FBS reports attached to Irmiter's and Johnson's declarations are not properly authenticated or proved up because neither

    Irmiter nor Johnson took the photographs;

- Additionally and/or alternatively, the conclusions and opinions from their reports (Dkt. #68-3 at par. 13 and Dkt. #68-4 at par. 8) are inadmissible for the reasons set forth in United Fire's expert challenge (Dkt. #64 at p. 17-21);

- Irmiter's and Johnson's opinions that water collects in hail dents causing premature corrosion have previously been struck by this Court as unscientific and inadmissible. *Tri Investments, Inc. v. United Fire & Cas. Co.*, Civil Action No. 5:18-CV-116, (S.D. Tex. 2019) (Dkt. # 82 at p.10-12). Accordingly, United Fire objects to the admissibility of those opinions in this matter based on the Court's prior ruling;

- Irmiter's and Johnson's statements regarding other causes of damage (Dkt. #68-3 at par. 15 and Dkt. #68-4 at par. 10) are merely conclusory statements and provide no basis or analysis of any process or underlying facts instead are mere *ipse dixit* of Irmiter and Johnson;

WHEREFORE, United Fire & Casualty Insurance Company respectfully prays that this Court sustain/grant its Objections to Exhibits Attached to Plaintiff's Response to Defendant's Opposed Motion to Exclude or Limit Testimony of Plaintiff's Expert Witnesses, strike such statements from the evidence in support of Plaintiff's response, and for any and all relief to which United Fire may show itself justly entitled.

                Respectfully submitted,

                GAUNTT KOEN BINNEY & KIDD, LLP

                By: /s/ David P. Andis
                    David P. Andis
                    State Bar No. 00793265
                    Southern District Federal ID: 19480
                    Attorney in Charge
            25700 I-45 North, Suite 130
            Spring, Texas 77386
            Telephone:    281-367-6555
            Facsimile:     281-367-3705
            Email: david.andis@gkbklaw.com

Of Counsel for Defendant:

    J. Chad Gauntt
    State Bar No. 07765990
    Southern District Federal ID: 14135
    Gauntt Koen Binney & Kidd, LLP
    25700 I-45 North, Suite 130
    Spring, Texas 77386
    Telephone:    281-367-6555
    Facsimile:    281-367-3705
    Email: chad.gauntt@gkbklaw.com

## **CERTIFICATE OF SERVICE**

    This pleading was served in compliance with Rule 5 Federal Rules of Civil Procedure on February 22, 2021 via facsimile, first class regular mail, certified mail, return receipt requested and/or electronically.

William W. Lundquist (SBN: 24041369)
Lundquist Law Firm
743 W. 18th Street
Houston, TX 77008
Telephone:    832-255-3014
Facsimile:    713-583-5586
Email: will@lundquistlawfirm.com
Attorney for Plaintiff

                                                                  /s/ David P. Andis
                                                                       David Andis